NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 23, 3007
Decided September 6, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| Nos. 06-3020 & 06-3734 | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division |
| CHRISTOPHER GRAHAM, *Plaintiff-Appellant,* | |
| | No. 05 C 0994 |
| *v.* | |
| | **Elaine E. Bucklo**, *Judge.* |
| AT&T MOBILITY, LLC, *Defendant-Appellee.* | |

**O R D E R**

Christopher Graham sued his employer, AT&T Mobility, LLC ("AT&T"),[1] for race discrimination and retaliation. After granting AT&T's motions to dismiss, in part, and granting AT&T's summary judgment motion, the district court dismissed Graham's case. Graham appeals, and we affirm.

---

[1] Graham's employer at the time he filed suit was Cingular Wireless, LLC. Cingular has been renamed AT&T Mobility LLC, and we refer to the defendant by its current name.

I.

Christopher Graham, who is black, works as a wireless technician for AT&T. In 2003, Graham filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that AT&T retaliated and discriminated against him at work because of his race. After receiving a right to sue letter from the EEOC, Graham filed suit against AT&T alleging racial discrimination in violation of Title VII, 42 U.S.C. § 2000e, et seq. After the district court dismissed Graham's complaint in March 2004, Graham appealed to this court, but filed his appeal over a year late, and therefore we dismissed the appeal for lack of jurisdiction. *See Graham v. AT&T Wireless, LLC*, No. 05-1370 (7th Cir. Sept. 14, 2005).

In November 2004, Graham filed another EEOC charge alleging that AT&T retaliated against him for filing his 2003 EEOC charge. Specifically, Graham stated that AT&T retaliated against him by giving him a negative evaluation, directing him to send e-mails to his district manager and his work group about his job progress, denying him the opportunity to have a union representative with him during a meeting regarding his evaluation, and making defamatory statements to his personal injury attorney. Other specific acts Graham listed on his charge form in support of his retaliation claim were that an AT&T manager made a racist comment in the presence of another employee, and the placement of a sign in his work area stated "built by Irish crew." After receiving a right to sue letter, Graham filed the present case alleging that AT&T violated Title VII through a pattern and practice of discrimination and by discriminating and retaliating against him for filing his first lawsuit. AT&T filed a motion seeking dismissal of the retaliation claim in part and the race discrimination and pattern and practice claims in their entirety. The district court granted AT&T's motion, ruling that Graham's 2004 EEOC charge was only based on retaliation, that there was no suggestion in his November 2004 EEOC form that "Graham had felt discriminated against because of his race," and that the discrimination and pattern and practice claims were outside the scope of his 2004 EEOC charge.

On November 1, 2005, Graham then filed an additional EEOC charge realleging the dismissed discrimination allegations as well as claims of retaliation and discrimination that took place in 2004 and 2005. Following Graham's receipt of another right to sue letter, the district court granted Graham's motion for leave to file an amended complaint in which he set forth discrimination, retaliation, and pattern and practice claims. AT&T moved to dismiss as untimely the race discrimination claim asserted in the amended complaint and to strike other allegations as barred by res judicata because Graham presented them in his first case. Granting the motion in part, the district court ruled that any allegations that

were within the scope of Graham's first suit were barred by res judicata and that Graham could only raise acts occurring within 300 days of his second EEOC charge.

AT&T then filed a motion for summary judgment, which the district court granted concluding that Graham had failed to establish that he suffered an adverse employment action or that there were similarly situated employees outside of his protected class who were treated more favorably. Graham filed a motion for reconsideration, which the district court denied, and he now appeals.

## II.

Graham asserts five main arguments on appeal: First, he argues that the district court erred in dismissing his discrimination claims because his failure to check the "race" box on the 2004 EEOC charge form was a clerical error. Next, he argues that a genuine issue of material fact exists in relation to his retaliation claim. Graham also asserts that a genuine issue of material fact exists regarding his pattern and practice claim. Fourth, Graham contends that the district court misapplied the Supreme Court's holding in *Burlington Northern & Santa Fe Railway v. White*, ___ U.S. ___, 126 S. Ct. 2405 (2006). In his fifth and final argument, Graham asserts that the bill of costs the district court awarded to AT&T should be stricken because it will have a chilling and deterrent effect upon individuals who wish to bring discrimination claims. We address each of these claims in turn.[2]

Graham contends that the district court improperly dismissed all but his retaliation claims because he checked only the "retaliation" box and not the "discrimination" box on his 2004 EEOC charge form. This court reviews de novo a district court's grant of a motion to dismiss. *Payton v. County of Carroll*, 473 F.3d 845, 847 (7th Cir. 2007) (citation omitted). A plaintiff generally cannot bring a

---

[2] We address Graham's claims only to the extent that these arguments have been presented by his attorney in his briefs and at oral argument. We make particular note of this because the written submissions presented on Graham's behalf contain no citations to the record, are scant on citations to authorities, and contain an inadequate jurisdictional statement and an inadequate statement of the case in contravention of Federal Rules of Appellate Procedure 28(a)(9)(A), 28(a)(6), and 28(a)(2). It is not the duty of this court to scour the record to compensate for inadequate briefing or to make a party's argument, particularly when the party is represented by counsel as in this case. *See Albrechtsen v. Bd. of Regents of the Univ. of Wisc. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002) (citations omitted); *United States v. McLee*, 436 F.3d 751, 760 (7th Cir. 2006) (citations omitted).

claim in a lawsuit that was not alleged in the EEOC charge, and, while not a jurisdictional element, it is a prerequisite with which a plaintiff must comply before filing suit. *Cheek v. W. & Suburban Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citations omitted). This provides the employer with notice about the particular challenged conduct and provides an opportunity for settlement of the dispute. *Id.* (citations omitted). A plaintiff, however, may proceed on a claim not explicitly mentioned in his EEOC charge "if the claim is like or reasonably related to the EEOC charges, and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 551 (7th Cir. 2002) (internal quotations and citations omitted). At the very least, these claims must involve the same conduct and implicate the same individuals. *Id.* (citations omitted). While the conduct that served as the basis for Graham's discrimination claim was the same conduct that served as the basis for his retaliation claim, Graham checked only the "retaliation" box on his 2004 EEOC charge form and also specifically stated on his form that he was "discriminated against because of retaliation." There is no suggestion in the 2004 charge that Graham was asserting that he was discriminated against because of his race. Therefore, Graham failed to satisfy the prerequisite of alleging a discrimination claim in his 2004 EEOC charge form. Accordingly, the district court did not err in dismissing Graham's discrimination claims based on his 2004 EEOC charge form.

We next address Graham's claims on which the district court granted AT&T summary judgment. We review a district court's grant of summary judgment de novo. *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 631 (7th Cir. 2004) (citation omitted). All reasonable inferences from the evidence are drawn in the light most favorable to the non-moving party. *Id.*

Title VII prohibits an employer from discriminating against an employee because of his race and from punishing an employee for complaining about discrimination. 42 U.S.C. §§ 2000e-2 and 2000e-3(a). A plaintiff may prove a retaliation or a discrimination claim through the direct or indirect method. *Sun v. Bd. of Tr. of Univ. of Ill.*, 473 F.3d 799, 812 (7th Cir. 2007); *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 903 (7th Cir. 2005). To prove retaliation,

> [t]he direct method requires the plaintiff to show that: (1) [he] engaged in statutorily protected activity; (2) [he] suffered an adverse employment action taken by the employer; and (3) a causal connection between the two. Under the alternative indirect method, the plaintiff must establish a prima facie case of retaliation by showing that: (1) [he] engaged in a statutorily protected activity; (2) [he] met the employer's legitimate expectations; (3) [he] suffered

an adverse employment action; and (4) [he] was treated less favorably than similarly situated employees who did not engage in statutorily protected activity.

*Moser*, 406 F.3d at 903 (citation omitted). A similarly situated employee is one who is "comparable to plaintiff in all *material* respects," *Crawford v. Ind. Harbor Belt R.R. Co.*, 461 F.3d 844, 846 (7th Cir. 2006). "Failure to satisfy any one element of the prima facie case is fatal to an employee's retaliation claim." *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 740 (7th Cir. 2006) (quoting *Hudson v. Chicago Transit Auth.*, 375 F.3d 552, 560 (7th Cir. 2004)). If the plaintiff establishes a prima facie case, then the burden shifts to the defendant to present evidence of a legitimate, non-discriminatory reason for its actions. *Id.* If the defendant makes that showing, then the burden shifts back to the plaintiff to show that the defendant's reason is pretext, i.e., a "lie" or "phony reason" for the action. *Perez v. Ill. Dep't of Corr.*, 488 F.3d 773, 776 (7th Cir. 2007) (citation omitted).

Graham asserts that he raised a genuine issue of material fact regarding his retaliation claim. Specifically, from his 2004 EEOC charge Graham cites his receipt of derogatory performance reviews and being required to e-mail his supervisors and work group about his job progress. From his 2005 EEOC charge, Graham cites being denied training, having a delay in receiving a laptop mount, and being passed up for promotions. Also as evidence that AT&T retaliated against him, Graham cites a comment a manager made in the presence of another employee for which Graham was not present. [*id.* at 17-18] While Graham does not set forth the governing standard for a retaliation claim, based on the claims themselves, the only claim he could possibly make under the direct method was the manager's comment to another employee that "they might suspect you [for the vandalism and theft on AT&T's property] because you have a tan." This comment was not made in Graham's presence nor did it refer to Graham. Therefore, this comment could not could not serve as a basis for Graham's retaliation claim.

As to the remaining facts Graham cites, it appears that he is attempting to proceed under the indirect method of proof. Graham, as a black person, is a member of a protected class who engaged in protected activity by filing an EEOC charge. Even assuming one or more of Graham's claims amounts to an adverse employment action, he fails to set forth any similarly situated individuals who were treated more favorably. While Graham states that "similarly situated (white) employees" were not required to communicate with supervisors throughout the day, he does not identify who those employees are and explain why they are similarly situated. For the remaining claimed retaliatory actions, Graham does not assert the existence of any similarly situated individuals. Therefore, the district court

properly awarded summary judgment in favor of AT&T on Graham's retaliation claim.

Graham also argues that the district court improperly granted summary judgment on his pattern and practice claims. We find that Graham has waived his right to assert his pattern and practice claim by failing to develop these arguments. *See United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000) (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)."). Specifically, Graham fails to elucidate which alleged discriminatory acts in his case constitute a pattern and practice of discrimination or any issues of material fact that would make summary judgment inappropriate. He also does not provide any argument beyond his conclusory statement that a fact finder is necessary to resolve this claim. As we have noted, "[t]his court is not obligated to research and construct legal arguments open to parties, especially when they are represented by counsel as in this case." *John v. Barron*, 897 F.2d 1387, 1393 (7th Cir. 1990) (citations omitted). Accordingly, we affirm the district court's grant of summary judgment to AT&T on the pattern and practice claim.

We now turn to Graham's contention that the district court misapplied *Burlington Northern and Santa Fe Railway Co. v. White*, ___ U.S. ___, 126 S. Ct. 2405 (2006). After the district court granted AT&T's motion for summary judgment, Graham filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6) requesting the district court to reconsider its summary judgment ruling in light of the United States Supreme Court opinion in *White*. *White*, however, settled a circuit split on retaliation claims, but in doing so agreed with the approach already employed by the Seventh Circuit. *Id.* at 2415 ("We agree with the formulation set forth by the Seventh and the District of Columbia Circuits. In our view, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.") (internal quotations and citations omitted). Just as before the district court, Graham does not demonstrate how the district court improperly applied *White* to his case, particularly because the standard adopted by the Supreme Court in *White* was already the standard in this circuit. Reconsideration in light of this case was therefore unnecessary because no change in the legal standard occurred. Accordingly, the district court did not abuse its discretion in denying Graham's motion for reconsideration, and we affirm its denial of Graham's motion.

Graham also cites *White* in support of his challenge of the district court's grant of bill of costs to AT&T. Specifically, Graham argues that the $7,845.23 in costs awarded to AT&T will "dissuade[ ] a reasonable worker from making or supporting a charge of discrimination." *Id.* at 2409. We review a district court's imposition of costs pursuant to Federal Rule of Civil Procedure 54(d) for abuse of discretion. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). This "discretion is 'narrowly confined' because of the strong presumption created by [Rule 54] that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) (citation omitted). Other than arguing that the award of these costs will have a deterrent effect, Graham does not challenge the reasonableness of the amount of costs or allege that AT&T conducted itself in such a manner as to ring up unnecessarily the costs incurred. AT&T took only five depositions, even with Graham's identification of over 100 witnesses in his Rule 26 disclosures, and Graham took twelve depositions. AT&T further attempted to limit the scope of litigation by filing two motions to dismiss. Accordingly, based on Graham's unpersuasive rationale and the reasonableness with which AT&T conducted this litigation, the district court did not abuse its discretion in awarding AT&T costs, and we therefore affirm its grant of costs to AT&T.

## III.

Because Graham has failed to establish that the district court improperly dismissed his discrimination claims based on his 2004 EEOC charge form, the existence of a genuine issue of material fact on his retaliation and pattern and practice claims, that the district court improperly applied *White*, or that the district court abused its discretion in granting AT&T costs, we AFFIRM.